CLERK'S OFFICE U.S. DIST. CO
AT ROANOKE, VA
FILED

OCT 12 2012

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LBCMT 2007-C3 VALLEY RETAIL, LLC, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>ERIC D. SHEPPARD, et al., )<br>)<br>Defendants. ) | Civil Action No. 7:12CV000179<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>Chief United States District Judge |

This case is presently before the court on the defendants' motions to set aside default and extend time to file responsive pleadings. For the reasons set forth below, the court will grant the defendants' motions.

### Background

On April 18, 2012, LBCMT 2007-C3 Valley Retail, LLC ("LBCMT") filed this diversity action against defendants Eric D. Sheppard and Philip Wolman, seeking to recover the balance of a loan that the defendants had guaranteed on behalf of Lehman Brothers Bank, FSB. A waiver of service of process was endorsed by Donald N. David, Esq., counsel for Wolman, on April 27, 2012, and Sheppard was served with process on May 2, 2012. After the defendants failed to timely file responsive pleadings, LBCMT moved for entry of default. The Clerk entered default against Sheppard on June 15, 2012, and against Wolman on July 9, 2012. On July 23, 2012 and July 25, 2012, respectively, Sheppard and Wolman moved to set aside the entries of default and extend the time in which to file responsive pleadings.

### Discussion

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the court may set aside an entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). Because the United

States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on their merits," United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993), the Court has held that Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 421 (2010). When deciding whether to set aside an entry of default, the court considers the following factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

Applying the factors set forth in Payne, the court concludes that good cause exists to set aside the entries of default against the defendants. As to the first factor, in order to establish a meritorious defense, "all that is necessary . . . is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). In this case, the defendants have submitted affidavits in which they sharply dispute whether their obligations under the guaranty were triggered by the borrower's actions. At this early stage of the proceedings, the court is unable to conclude that the defendants are incapable of mounting a legitimate defense to the plaintiff's claim. Given the Fourth Circuit's "strong preference" for disposing of claims and defenses on

2

their merits, this factor weighs in favor of granting the defendants' motions. See Colleton, 616 F.3d at 417.

As to the second factor, the determination of whether a party has taken reasonably prompt action to set aside an entry of default "must be gauged in light of the facts and circumstances of each occasion." Moradi, 673 F.2d at 727. Here, within days of receiving notice of the entries of default, the defendants retained counsel in Virginia to represent them. Counsel immediately requested that the plaintiff consent to an extension of time to file responsive pleadings. Although the plaintiff declined to agree to an extension of time, the plaintiff's attorney indicated that the plaintiff would not move for default judgment while defense counsel familiarized himself with the facts of the case. Defense counsel subsequently obtained documents referenced in the complaint so that he could better evaluate the plaintiff's claim and any applicable defenses. Approximately two weeks later, the defendants moved to set aside the entries of default. Based on these facts, the court concludes that the defendants acted with reasonable promptness and that the second factor weighs in favor of granting the defendants' motions.

While the third factor – the responsibility for the entry of default – appears to rest solely with the defendants and, thus, weighs against setting aside the entries of default, each of the remaining factors weighs in favor of granting the defendants' motions. The plaintiff has not argued that it would be prejudiced by setting aside the entries of default, and the record does not suggest a risk of prejudice. Likewise, there is no evidence that the defendants have engaged in other dilatory litigation conduct. Finally, it has not been disputed that less drastic sanctions, such

as awarding the plaintiff the costs it incurred in seeking default, could be available on the plaintiff's motion.

In sum, the majority of the factors used to assess a movant's "good cause" under Rule 55(c) weigh in favor of setting aside the entries of default. Accordingly, the court will grant the defendants' motions.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 12th day of October, 2012.

                                                       Chief United States District Judge